J-S25012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIC M. BIENERT | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUZANNE S. BIENERT | : | |
| | : | |
| Appellant | : | No. 1703 MDA 2018 |

Appeal from the Order Entered September 14, 2018
In the Court of Common Pleas of Centre County
Civil Division at No: 2014-1098

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 27, 2019**

Appellant, Suzanne S. Bienert ("Wife"), appeals from an order denying her motion to enforce a marital property agreement entered into at the time of her divorce from Appellee, Eric M. Bienert ("Husband"). Wife argues that Husband breached the agreement by failing to reimburse her for premiums she paid for their two children's health and dental insurance from 2014 through 2018. We conclude that Husband's duty to reimburse Wife terminated when the children turned eighteen (April 5, 2014 and August 14, 2015, respectively). Thus, we affirm to the extent Wife seeks reimbursement for payments covering any time period after the children turned eighteen. We reverse and remand for further proceedings on Wife's request for reimbursement for payments covering any time period before the children turned eighteen.

The parties married in 1995, and their children were born on April 5, 1996 and August 14, 1997, respectively. On March 1, 2014, Wife and Husband separated. Husband found a marital property agreement form on the Internet, and Husband and Wife revised and signed the agreement.

Section 7A of the executed agreement provides:

Wife will maintain health insurance coverage for the parties' **minor children**. The party providing coverage will provide insurance cards to the other party showing coverage and Husband will pay Wife amount equivalent to the amount due per month for **children's** Health Insurance.

As to these uninsured/unreimbursed medical expenses, Husband and Wife shall divide the costs equally and the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

Agreement, 3/20/14, at Section 7A (emphasis added). Section 7B of the agreement contains an identical provision relating to dental and vision insurance coverage. *Id.* at Section 7B.

The agreement uses the terms "minor children" and "children" interchangeably. For example, Section 6 of the agreement, entitled "Child Custody, Parental Responsibility and Visitation," includes "children" five times and "minor children" five times. Both terms even appear in the same sentence: "However, the parties agree that the best interest of the child(ren) at this time is that primary parental responsibility and physical custody of the minor child(ren) will be and agree as follows . . ." *Id.* at Section 6B. Finally,

as shown above, both "children" and "minor children" appear in the provisions relating to insurance, Sections 7A and 7B.

On March 26, 2014, Husband filed a complaint in divorce, and the parties simultaneously filed the agreement with a request that the court incorporate it into its final divorce decree. One day later, the trial court entered the agreement as an order.

Subsequently, Husband moved to hold Wife in contempt of the agreement. Wife moved to void the agreement on grounds of mistake, misrepresentation, or duress. The trial court declined to void the agreement and entered a final divorce decree. Wife appealed, and this Court affirmed in a published opinion. *See Bienert v. Bienert*, 168 A.3d 248 (Pa. Super. 2017).

On April 18, 2018, having failed to void the agreement, Wife changed tactics and filed a *pro se* petition to enforce the agreement, seeking reimbursement from Husband for health, dental and vision insurance premiums that she allegedly paid for both children in years 2014 through 2017.[1] Wife argued that use of the term "children" in Sections 7A and 7B of the agreement demonstrated Husband's duty to reimburse Wife for insurance payments after the children reached majority.

---

[1] Wife also sought relief regarding life insurance provisions within the agreement, but she has abandoned that claim in this appeal. Appellant's Brief at 10.

- 3 -

On September 10, 2018, the trial court entered an opinion and order denying Wife's motion. This appeal followed. Both Wife and the trial court complied with Pa.R.A.P. 1925.

Wife's lone argument in her *pro se* brief is that the trial court erred in failing to grant her motion to enforce the insurance reimbursement provisions of the marital property agreement. We review the order denying Wife's motion to enforce for abuse of discretion. ***Bennett v. Bennett***, 168 A.3d 238, 245 (Pa. Super. 2017). "An abuse of discretion is not lightly found, as it requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures." ***Id.*** ***Bennett*** further instructs that absent fraud, misrepresentation or duress, parties are bound by the terms of their marital settlement agreements. ***Id.*** Parties, we observed, "are free to enter into bargains they later regret, and bad deals are as enforceable as good ones provided the agreement is free of fraud or duress." ***Id.***

The trial court gave the following reasons for denying Wife's motion:

> Section 7 of the [agreement] first uses the term "minor children" and then "children" to describe the parties' offspring in regards to them being covered under medical and dental insurance. In viewing the agreement as a whole, the court finds that the general word "children" takes its meaning from the previous use of the term, "minor children." As such the agreement only required that [Husband] reimburse [Wife] for the minor children's health and dental insurance until they were no longer minors.

Opinion and Order, 9/10/18, at 2 (some capitalization omitted). We agree that the agreement requires Husband to reimburse Wife only for payments covering time periods before the children reached majority.

- 4 -

We construe the agreement in accordance with "the ancient maxim *noscitur a sociisi,*" which directs that "the meaning of words may be indicated or controlled by those words with which they are associated. Words are known by the company they keep." **Northway Village No. 3, Inc. v. Northway Properties, Inc.**, 244 A.2d 47, 50 (Pa. 1968). This principle remains in force today. **See S.A. by H.O. v. Pittsburgh Public School District**, 160 A.3d 940, 945 (Pa. Cmwlth. 2017).[2]

Here, "children" and "minor children" are closely associated in the agreement. The agreement repeatedly uses both terms, once even in the same sentence. Further, in Sections 7A and 7B, "minor children" appears one sentence before "children." Thus, pursuant to *noscitur a sociis*, we agree with the trial court that "children" and "minor children" share the same meaning in the agreement.

Next, we address the meaning of "minor children" in the context of the agreement. Since the agreement does not expressly define this term, we must define it "in accordance with [its] natural, plain, and ordinary meaning." **Cordero v. Potomac Ins. Co. of Illinois**, 794 A.2d 897, 900 (Pa. Super. 2002). It is commonly understood that minority ends, and majority begins, at age eighteen. As our Supreme Court has observed, "In its wisdom, our

---

[2] Decisions of the Commonwealth Court are not binding upon this Court but may serve as persuasive authority. **Carmen Enterprises, Inc. v. Murpenter LLC**, 185 A.3d 380, 393 n.2 (Pa. Super. 2018).

General Assembly has bestowed adulthood on minor children at age 18." ***Blue v. Blue***, 616 A.2d 628, 632 (Pa. 1992). Therefore, we construe the agreement to define "minor children" as "individuals under age eighteen." Consequently, under Sections 7A and 7B, Husband's duty of reimbursement applied only to insurance payments covering time periods before the parties' children turned eighteen.

Therefore, we affirm the trial court's order to the extent Wife seeks reimbursement for insurance payments relating to the elder child for any time period after her eighteenth birthday, April 5, 2014, and to the second child for any time period after his eighteenth birthday, August 14, 2015. This, however, does not resolve the entire case. Wife requests reimbursement for insurance payments allegedly made for the older child in early 2014, before she turned eighteen, and for the second child in 2014 and early 2015, before he turned eighteen. The trial court failed to address whether Husband owed Wife reimbursement for these pre-majority payments. The trial court appears to have assumed that all of Wife's payments covered time periods after the children reached majority. Accordingly, we reverse and remand for further proceedings on Wife's demand for reimbursement for payments covering time periods before the children turned eighteen.

Order affirmed in part and reversed in part. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/27/2019